UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cr-00222-JPH-TAB |
| VINCENT CREWS, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER ON MOTION IN LIMINE**

The government has filed a motion in limine, seeking to bar Defendant Vincent Crews from offering evidence or argument about the defenses of necessity, duress, self-defense, or defense of others.[1] Dkt. [44]. For the reasons that follow, that motion is **GRANTED.**

## I.
## Facts and Background

Mr. Crews is charged with being a felon in possession of a firearm. Dkt. 1. Trial is set for July 6, 2020. Dkt. 57. The government has filed a motion in limine, seeking to bar Mr. Crews from offering evidence or argument about the necessity defense. Dkt. 44. The Court accepts as true Defendant's proffered facts, *United States v. Tokash,* 282 F.3d 962, 967 (7th Cir. 2002), and the background facts in the government's motion that Mr. Crews does not dispute, *see* dkt. 54 at 6.

---

[1] In this order, the Court follows *United States v. Kilgore,* 591 F.3d 890 (7th Cir. 2010), by referring to these defenses collectively as "necessity," but the name is not material, *see United States v. Haynes,* 143 F.3d 1089, 1091 (7th Cir. 1998).

At about 2:30 a.m. on June 6, 2019, Mr. Crews and his girlfriend, Cree Dickerson, were outside Ms. Dickerson's apartment when they saw a group of strangers near Ms. Dickerson's car. Dkt. 54 at 5–6; dkt. 44 at 1. Mr. Crews had been in a dispute with other people about vandalism to Ms. Dickerson's car—its tires had been slashed less than twenty-four hours before, dkt. 54 at 7—and he feared that the people he saw were connected to that dispute, *id.* at 5.

Mr. Crews and Ms. Dickerson returned to her second-floor apartment and locked the front door, which was the only exit. *Id.* at 5–6. As Mr. Crews looked out the kitchen window—which overlooks the parking lot and car—he saw a man he didn't know coming up the stairs to the apartment complex. *Id.* He believed that this person was following him and Ms. Dickerson and intended to harm them. *Id.* Mr. Crews yelled at the person, then heard someone attempt a "soft entry" at their door—turning the doorknob and bumping a shoulder against the door in an attempt to enter quietly. *Id.* at 6.

Ms. Dickerson retrieved her gun but "was unable to fire" it, *id.* at 9, so she gave it to Mr. Crews, who fired several shots through the locked door, *id.* at 6. Mr. Crews then went back to the kitchen window, and, still seeing several people near Ms. Dickerson's car, shot at them through the window. *Id.* at 8. At some point in these events, Ms. Dickerson called the police. *Id.* When the police arrived, they were given the gun and remaining ammunition. *Id.* at 6.

## II.
## Applicable Law

If evidence "clearly would be inadmissible for any purpose," the Court may issue a pretrial order in limine excluding it from further consideration. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Orders in limine thus "ensure the expeditious and evenhanded management of the trial proceedings" by focusing preparation for trial and streamlining the trial itself. *Id.* They "are of course common, and frequently granted, in criminal as in civil trials." *United States v. Warner*, 506 F.3d 517, 523 (7th Cir. 2007). Still, orders in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer. *Luce v. United States*, 469 U.S. 38, 41 (1984).

Evidence supporting a defense should be excluded in limine "unless all of its elements can be established." *Tokash*, 282 F.3d at 968 (citation and quotation omitted). Otherwise, the jury would be burdened with a potpourri of irrelevant evidence and the trial would be derailed. *Id.* But a trial judge does not bind himself by ruling on a motion in limine and "may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III.
## Analysis

The government argues that Mr. Crews cannot proffer facts showing an imminent threat, so he cannot satisfy the elements of a necessity defense. Dkt. 44 at 9. Mr. Crews objects to having to disclose a necessity defense before the

3

government rests its case and argues that there was an ongoing threat of harm justifying his possession of the firearm. Dkt. 54 at 1–2, 7.

Mr. Crews's objection is that excluding possible defenses would "unduly shift the burden of proof" onto him in violation of the Fifth and Sixth Amendments. *Id.* He also argues that his "theory of the defense is protected by the work product doctrine" and may be based on information "protected by the Attorney-Client Privilege." *Id.* at 2. The Seventh Circuit considered and rejected a similar argument in *Tokash*, noting that the defendant "fail[ed] to cite even one case . . . that adheres to the philosophy that a trial court's ruling on a motion in limine to preclude a defense trammels a defendant's constitutional rights." 282 F.3d at 968. So too here; Mr. Crews has not cited any authority supporting his argument that responding to a motion in limine compromises protected information or constitutional rights. Instead, the Seventh Circuit has explained that motions in limine "streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course [by] lengthy and complex evidentiary issues." *Id.* Motions in limine to exclude evidence of defenses—such as necessity—are no exception. *See Id.*

In unlawful-possession-of-a-firearm cases, the necessity defense is narrow. *United States v. Kilgore,* 591 F.3d 890, 893 (7th Cir. 2010). So narrow that it has only been applied "to the individual who in the heat of a dangerous moment disarms someone else, thereby possessing a gun briefly in order to prevent injury to himself." *Id.* The defense will "rarely" apply outside that situation. *Id.* Indeed, the defense requires a defendant to show that "he faced

4

an imminent threat of serious bodily injury or death and that he had no reasonable alternatives to avoid that threat." *Kilgore,* 591 F.3d at 893; *see United States v. Jumah,* 493 F.3d 868, 874 n.3 (7th Cir. 2007).

Here, Mr. Crews argues that the defense may apply because he acted in self-defense or in the defense of others. Dkt. 54 at 4. Both require "an imminent threat *and* [ ] no reasonable legal alternatives to avoid that threat," *Feather,* 768 F.3d at 739; *accord* 7th Cir. Pattern Crim. Jury Instruction 6.01 (requiring "reasonabl[e] belie[f] that force is necessary to defend . . . against the imminent use of unlawful force."). Fear of future violence cannot meet this imminence requirement, *see United States v. Haynes,* 143 F.3d 1089, 1090 (7th Cir. 1998), because "'later' and 'imminent' are opposites," *Tokash,* 282 F.3d at 970. So, regardless of his subjective beliefs, Mr. Crews must establish an "actual, imminent threat of physical harm." *Id.*

Mr. Crews has not done so. The proffered facts show that a stranger who Mr. Crews thought may have been involved in vandalizing Ms. Dickerson's car attempted a "soft entry" at the apartment's locked front door. Dkt. 54 at 6. That attempted entry did not constitute an imminent threat to Mr. Crews or Ms. Dickerson because the stranger did not use violence or make threatening statements or gestures. *See Feather,* 768 F.3d at 739 (explaining that imminence requires an "actual . . . threat of physical harm"). And Mr. Crews has not alleged that the other person had a weapon that could harm a person through the door. *See* dkt. 54 at 5–9. He therefore has not proffered facts suggesting that anyone inside the apartment was imminently threatened, so he

5

cannot establish the elements of the necessity defense with respect to the stranger who tried to open the door.

Nor can Mr. Crews establish the elements of the necessity defense with respect to the people he shot at from the kitchen window while they were on the sidewalk near Ms. Dickerson's car. Mr. Crews has not proffered that any of those people were armed or trying to shoot at him or Ms. Dickerson, so from that distance, they could not threaten anyone in the apartment with imminent harm. Indeed, reaching Mr. Crews and Ms. Dickerson would have required leaving the area near her car, coming up the sidewalk, and climbing the stairs to the second floor of the apartment complex—all movements that would be visible from the kitchen window—before being stopped by the locked apartment door. *See* dkt. 54 at 7–8. Under these proffered facts, Mr. Crews cannot show that he was under imminent threat when he shot at people on the sidewalk from the second-floor apartment. *See Tokash*, 282 F.3d at 970 ("'[L]ater'" and 'imminent' are opposites.").

In the absence of an imminent threat, Mr. Crews had reasonable legal alternatives to possessing the firearm that could have mitigated any threat presented by the people in the parking lot. The police had been called, and Mr. Crews could have waited for the police to arrive rather than trying to resolve the situation himself with a gun. But he shot at the strangers instead.

### IV.
### Conclusion

The proffered evidence does not show that there was an imminent threat presented by either the person at the apartment door or the people on the

sidewalk when Mr. Crews possessed the firearm. Therefore, under the evidence proffered at this stage, Mr. Crews cannot establish the elements of a necessity defense.

The Court thus **ORDERS** that, subject to the evidence presented at trial and in the absence of leave of Court, counsel for Mr. Crews **SHALL NOT**:

- Reference, imply, or argue self-defense, defense of others, necessity, or any related defense.
- Elicit testimony or attempt to introduce evidence that would be relevant only to self-defense, defense of others, necessity, or any related defense.

If Mr. Crews wishes to proffer additional facts on this issue prior to the pretrial conference or trial, he may do so in another filing. If Mr. Crews believes that the evidence at trial supports the necessity defense, he shall raise that issue with the Court outside the presence of the jury. The government's motion in limine is **GRANTED**. Dkt. [44].

**SO ORDERED.**

Date: 4/17/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov

Amanda Kester
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
amanda.kester@usdoj.gov

Finis Tatum, IV
TATUM LAW GROUP, LLC
ftatum@tlgindy.com