UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VINCENT CREWS, )<br>)<br>Defendant. ) | No. 1:19-cr-00222-JPH-TAB<br>-01 |

**ORDER GRANTING MOTION TO RECONSIDER**

Defendant, Vincent Crews, has filed a motion to reconsider the Court's April 17, 2020 order prohibiting him from presenting "self-defense, defense of others, necessity, or any related defense" at trial. Dkt. 62 (moving to reconsider dkt. 58). He argues that additional proffered facts, supported by a sworn affidavit from Cree Dickerson, provide "more than a 'scintilla of evidence'" and "demonstrate[ ] that he can satisfy the legal requirements for asserting the proposed defense." *Id.* at 4 (quoting *United States v. Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999)). The government admits that these additional proffered facts "if true, may rise to the level of a defense," but that it "is inherently impeachable" and "so unreliable that it should not be presented to a jury." Dkt. 64 at 2–4.

The question at this stage is not whether Mr. Crews's proffered evidence is credible. *See United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002). If Mr. Crews's proffer "meet[s] the minimum standard as to each element of the defense," he is "entitle[d]" to present it to a jury. *Id.* The government cites no

1

legal authority allowing the Court to assess the proffer's reliability.  *See* dkt. 64.

Mr. Crews's motion for reconsideration is therefore **GRANTED**, dkt. [62], and the Court **withdraws** its previous order in limine, dkt. 58.  This order does not resolve whether the Court will give the jury an instruction on self-defense, defense of others, or a related defense.  That's a separate issue that the Court cannot resolve at this stage in the proceedings.  At trial, the Court will determine whether Mr. Crews has presented sufficient evidence to allow a jury to find each element of the defense.  If he has, the Court will instruct the jury on the appropriate defenses, consistent with the evidence that was presented.  If he has not, the Court will not give any such instruction.  *See Tokash*, 282 F.3d at 969.  Similarly, the scope of Mr. Crews' final argument will be subject to the evidence admitted at trial; counsel may argue a defense based only on facts admitted into evidence and reasonable inferences from that evidence.  The parties **shall be prepared** to discuss this issue, including limitations on opening statements, at the final pretrial conference.

**SO ORDERED.**

Date: 1/6/2021

          *James Patrick Hanlon*
          James Patrick Hanlon
          United States District Judge
          Southern District of Indiana

Distribution:

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lawrence.hilton@usdoj.gov

Finis Tatum, IV
TATUM LAW GROUP, LLC
ftatum@tlgindy.com